**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
      chris@bendaulaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert Bennett**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Fox Aviation LLC**, an Arizona Limited Liability Company; **Fox Aviation Services LLC**; **Michael Fox and Jane Doe Fox**, a married couple; and **Natasha Fox and John Doe Fox**, | |
| Defendants. | |

Plaintiff, Robert Bennett ("Plaintiff" or "Robert Bennett"), sues the Defendants, Fox Aviation LLC, Fox Aviation Services LLC, Michael Fox and Jane Doe Fox, and Natasha Fox and John Doe Fox ("Defendants"); and alleges as follows:

## **PRELIMINARY STATEMENT**

1.     This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

<b><u>JURISDICTION AND VENUE</u></b>

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

<b><u>PARTIES</u></b>

5.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

6.      At all material times, Defendant Fox Aviation LLC was an Arizona limited liability company duly licensed to transact business in the State of Arizona.  At all

material times, Defendant Fox Aviation LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

7. At all relevant times, Defendant Fox Aviation LLC owns and operates as an aviation company that provides maintenance for flight school aircraft that Defendants own.

8. Under the FLSA, Defendant Fox Aviation LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Fox Aviation LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Fox Aviation LLC is subject to liability under the FLSA.

9. At all material times, Defendant Fox Aviation Services LLC was an Arizona limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Fox Aviation Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10. At all relevant times, Defendant Fox Aviation Services LLC owns and operates as an aviation company that provides maintenance for flight school aircraft that Defendants own.

11.     Under the FLSA, Defendant Fox Aviation Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Fox Aviation Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Fox Aviation Services LLC is subject to liability under the FLSA.

12.     Defendants Michael Fox and Jane Doe Fox are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Michael Fox and Jane Doe Fox are owners of Defendants Fox Aviation LLC and Fox Aviation Services LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.     Under the FLSA, Defendants Michael Fox and Jane Doe Fox are employers under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Michael Fox and Jane Doe Fox had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of

Defendants in relation to the company's employees, Defendants Michael Fox and Jane

Doe Fox are subject to individual liability under the FLSA.

14.     Defendants Natasha Fox and John Doe Fox are, upon information and

belief, husband and wife.  They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Natasha Fox and

John Doe Fox are owners of Defendants Fox Aviation LLC and Fox Aviation Services

LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29

U.S.C. § 203(d).

15.     Under the FLSA, Defendants Natasha Fox and John Doe Fox are employers

under the FLSA.  The FLSA defines "employer" as any person who acts directly or

indirectly in the interest of an employer in relation to an employee.  At all relevant times,

Defendants Natasha Fox and John Doe Fox had the authority to hire and fire employees,

supervised and controlled work schedules or the conditions of employment, determined

the rate and method of payment, and maintained employment records in connection with

Plaintiff's employment with Defendants.  As persons who acted in the interest of

Defendants in relation to the company's employees, Defendants Natasha Fox and John

Doe Fox are subject to individual liability under the FLSA.

16.     Plaintiff is further informed, believes, and therefore alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other

Defendants, as alleged herein.

17.     Defendants, and each of them, are sued in both their individual and

corporate capacities.

-5-

18.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

21.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

27.     Defendants own and/or operate as Fox Aviation, an enterprise located in Maricopa County, Arizona.

28.     Plaintiff was hired by Defendants in approximately November 2017, and Plaintiff worked for Defendants as an aircraft mechanic until approximately December 24, 2021.

29.     At all relevant times, in his work for Defendants, Plaintiff's job duties included, but were not limited to, maintaining and repairing all fleet aircraft.

30.     Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $17.50, regardless of the number of hours he worked in a given workweek.

31.     In his work for Defendants, Plaintiff regularly worked in excess of 40 hours in any given workweek for which he worked for Defendants.

32.     In his work for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without being paid one and one-half times his regular rate of pay for time spent working in excess of 40 hours per week.

33.     Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

34.     Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

35.     Defendants controlled Plaintiff's schedules.

36.     At all relevant times, Plaintiff was economically dependent on Defendants.

37.     The following further demonstrate that Plaintiff was an employee:

        a.      Defendants had the exclusive right to hire and fire Plaintiff;

        b.      Defendants interviewed Plaintiff for his job;

c.      Defendants set Plaintiff's rate of pay;

d.      Defendants required Plaintiff to wear what they, in their sole discretion, determined was appropriate work attire;

e.      Defendants made the decision not to pay overtime to Plaintiff;

f.      Defendants supervised Plaintiff and subjected him to Defendants' rules;

g.      Plaintiff had no opportunity for profit or loss in the business;

h.      The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

i.      Plaintiff was hired as a permanent employee, working for Defendants on a daily basis for the entire duration of his employment;

j.      Plaintiff had no right to refuse work assigned to him by Defendants;

k.      Plaintiff was not allowed to work for competitors.

38.      At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

39.      During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

40.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

41.     Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

42.     Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff overtime for all hours worked in excess of 40 hours in a given workweek.

43.     Plaintiff was a non-exempt employee.

44.     At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

45.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

46.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

47.     Plaintiff is a covered employee within the meaning of the FLSA.

48.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

49.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME

51.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

53.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

54.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

55.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

56.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

57.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

58.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

59.    Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Robert Bennett, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

i.    Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

ii.    Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 8th day of February 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Robert Bennett, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

*Robert Bennett*

Robert Bennett

-13-